**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50177 |
| Plaintiff-Appellee, | D.C. No. 2:10-cr-01002-JHN-1 |
| v. | MEMORANDUM[*] |
| FRANCISCO JAVIER HUERTA MORAN, etc. | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. Nguyen, District Judge, Presiding

Submitted April 9, 2012[**]
Pasadena, California

Before: FERNANDEZ and SILVERMAN, Circuit Judges, and BLOCK, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes that this case is suitable for
decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Frederic Block, Senior United States District Judge for
the Eastern District of New York, sitting by designation.

Francisco Javier Huerta Moran pleaded guilty to one count of being a previously deported alien found in the United States without permission, in violation of 8 U.S.C. § 1326(a), (b)(2). He now appeals his sentence of 57 months' imprisonment, three years' supervised release, and a special assessment of $100. We affirm.

Moran's first contention is that the district court failed to adequately explain the sentence. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) ("[I]t would be procedural error . . . to fail adequately to explain the sentence selected."). Because his objections were not raised before the district court, we review for plain error. *See United States v. Autery*, 555 F.3d 864, 869-70 (9th Cir. 2009). No error is apparent here, let alone plain error. The district judge reviewed Moran's written submissions and the 18 U.S.C. § 3553(a) factors; she heard further argument at the sentencing hearing; the sentence was within the Guidelines range; and her explanation was "sufficient[] to permit meaningful appellate review." *Carty*, 520 F.3d at 992; *see also Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.").

Moran next contends that the district court should not have imposed a period of supervised release. Under the Sentencing Guidelines in place at the time of sentencing, it was within the court's discretion to do so. *See United States v. Martin*, 278 F.3d 988, 1004 (9th Cir. 2002) ("The district court is required to apply the version of the guidelines that is in effect at the time of sentencing"). The court did not abuse its discretion: it considered Moran's arguments regarding supervised release and gave sufficient reasons for imposing it.

Moran's final contention is that 8 U.S.C. § 1326(b)(2), which provides an aggravated felony sentencing enhancement, unconstitutionally permits judicial factfinding. The Supreme Court has said otherwise. *See Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Contrary to Moran's argument, *Almendarez-Torres* remains good law and we are bound to follow it. *See United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009).

**AFFIRMED.**